IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SALVATORE P CORDOVANO,

     Plaintiff,

v.                                                          CASE NO. 5:15-cv-311-MP-GRJ

MRS. PETERSON, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the Florida Department of Corrections presently confined at Northwest Florida Reception Center, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed as a pauper by separate order.  ECF Nos. 1, 2.  The Complaint stems from conflicts between Plaintiff and the prison law librarian, Mrs. Peterson, which Plaintiff alleges have interfered with his pending litigation.

Plaintiff executed the civil rights complaint form under oath.  ECF No. 1 at 16.  Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they

have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, *or prior to service*," and if so to "identify each and every case so dismissed."  ECF No. 1 at 3-4 (emphasis added). The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  ECF No. 1 at 4.

Plaintiff responded "Yes" to the question regarding whether he has initiated any prior cases regarding the fact or manner of his incarceration or the conditions of his confinement, and identified one habeas corpus case: *Cordovano v. DOC*, Case No. 8:14-cv-279 (M.D. Fla.) (pending).  ECF No. 1 at 5.

Plaintiff responded "Yes" regarding whether he has ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service.  Plaintiff noted that he had filed a case in the Northern District of Florida that was dismissed for failure to state a claim, but that the specifics were "unrecallable at this time."  ECF No. 1 at 5-6.

Plaintiff identified no other cases.

A review of the Court's PACER Case Locator reflects that, contrary to his sworn allegation, Plaintiff has filed one additional federal habeas corpus case and a total of three prior prisoner civil rights cases that were dismissed prior to service.  In addition to the pending habeas corpus case identified in the Complaint, which was transferred from this Court to the Middle District, Plaintiff also filed another habeas case that was transferred from this Court to the Middle District: *Corodovano v. Secretary, DOC*, Case No. 8:13-cv-2340-SDM-AEP (M.D. Fla. 12/20/13) (dismissing case for failure to file amended petition).  Plaintiff filed the following prisoner civil rights cases: *Cordovano v. Florida*, Case No. 8:14-cv-1664-VMC-MAP (M.D. Fla. 7/14/14) (dismissing case initiated by Plaintiff as a "removal" from state court relating to state criminal proceedings); *Cordovano v. DOC*, Case No. 5:14-cv-1-MP-GRJ (N.D. Fla. 6/23/14) (voluntarily dismissed by Plaintiff); *Cordovano v. DOC*, Case No. 4:14-cv-8-MW-CAS (N.D. Fla. 2/26/14) (dismissing case for failure to state a claim upon which relief may be granted).  The foregoing establishes that Plaintiff wholly failed to disclose one habeas corpus case and two prior civil rights cases, and provided no identifying information as to the third civil rights case that was

referenced in the Complaint.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe *all* previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a

---

[1]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id.*

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form -- while attesting to the Court that the answers are made under oath -- impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses

or statements in any pleading or motion filed before it.").

The Court has not ordered Plaintiff to show cause as to why this case should not be dismissed prior to recommending dismissal.  Plaintiff's sworn assertions in the Complaint are wholly at odds with his filing history, particularly in view of the fact that none of his prior cases are more than three years old.  Plaintiff's prior civil rights case that he provided no identifying information for counts as a "strike" pursuant to 28 U.S.C. § 1915(g):  *Cordovano v. DOC*, Case No. 4:14-cv-8-MW-CAS (N.D. Fla. 2/26/14) (dismissed on January 23, 2014, for failure to state a claim because Plaintiff claimed a right to be incarcerated close to his home).  Nothing in the instant Complaint suggests that Plaintiff would be prevented from refiling his claims in a sworn complaint that truthfully discloses his filing history.  The undersigned therefore concludes that dismissal of this case without prejudice for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor.

The dismissal of this case for abuse of the judicial process counts as a "strike."  Plaintiff should be warned that if he accumulate three "strikes" he will not be permitted to bring a civil action or appeal a judgment in a civil action *in forma pauperis*, unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

It is therefore respectfully **RECOMMENDED** that this case should be

**DISMISSED without prejudice** for abuse of the judicial process.

**IN CHAMBERS** this 20th day of January 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**